DEPARTMENT OF BUILDINGS OF CITY OF NEW YORK v. FIELD.

(Supreme Court, Appellate Division, First Department. December 22, 1896.)

BUILDING REGULATIONS—FIRE ESCAPE—BOARDING HOUSE.

Where doorways have been cut through the party wall between two buildings on three of the floors, and both buildings are occupied by the same tenant, who keeps boarders, some lodging in each building, but all having a common sitting room and dining room in one, the buildings together constitute a boarding house, and, having more than 15 sleeping rooms above the basement story, the owner is required to provide suitable fire escapes. Laws 1882, c. 410, § 498, as amended by Laws 1892, c. 275.

Submission on agreed case of a controversy between the department of buildings of the city of New York, plaintiff, and Richard Field, defendant, arising under the statute regulating buildings. Judgment for plaintiff.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

J. A. V. Dahlgren, for plaintiff.

George Hill, for defendant.

VAN BRUNT, P. J. The single question involved upon this appeal is whether the premises Nos. 104 and 106 Madison avenue are a boarding house or two boarding houses. It appears that in 1860 two houses known and distinguished as "No. 104 Madison avenue" and

"No. 106 Madison avenue" were erected; that about the year 1880 the two houses were connected, by cutting the following openings through the party wall which existed between them, namely, one on the ground floor, one on the next, or parlor, floor, and one on the fourth floor; each of said openings being of the size of an ordinary door in an ordinary house. Since the year 1880, No. 104 Madison avenue and No. 106 Madison avenue have been occupied by one tenant, and used by said tenant for the reception and entertainment of boarders. In No. 106 Madison avenue there is a dining room and parlor, used by the occupants of Nos. 104 and 106 Madison avenue, and in No. 104 Madison avenue there is no common dining room or parlor. Neither of said buildings has 15 sleeping rooms above the basement story, but in the two together there are more than 15 of such sleeping rooms. On the 23d of November, 1894, the superintendent of buildings notified the defendant, the owner of said buildings, that Nos. 104 and 106 Madison avenue were not provided with good and sufficient means of escape in case of fire, as required by chapter 410 of the Laws of 1882, as amended by chapter 275 of the Laws of 1892, relating to buildings in the city of New York, and required said defendant forthwith to place upon said buildings fire escapes, notifying him that in the event of his failure so to do legal proceedings would be commenced against him, etc. The defendant failed to comply with this notice, claiming that the buildings were not, nor was either of them, such a building as was designated and described in section 498 of said act as amended, and did not come within the letter or the spirit of the act, and that said superintendent had no jurisdiction to order fire escapes to be placed on said houses, or either of them.

Section 498 of chapter 410 of the Laws of 1882, as amended, provides as follows:

"Every boarding-house having more than fifteen sleeping-rooms above the basement story * * * shall be provided with such good and sufficient fire-escapes, stairways, or other means of, egress in case of fire as shall be directed by the superintendent of buildings."

It seems to us clear that the buildings in question are a boarding house. They are used by one tenant for a single purpose. They have interior communications with each other, and the dining room and parlor in one building serve the purpose of those common rooms for the boarders in both buildings. It is true that communication does not exist on each floor of the buildings, but such communications were made as were necessary to use them in a single business, viz. that of keeping a boarding house; and, as has already been stated, they were used for that single purpose. It is difficult to see how any greater unity could obtain than is shown to exist in the building in the case at bar. The facts admitted show that, although boarders may sleep, some in No. 104 and some in No. 106, they all eat in No. 106, and that the only room in which all of the boarders have a right to congregate is also in No. 106; thus making the buildings, for the purposes of occupation in the business conducted therein, a single house. Under these circumstances it would seem that the buildings

in question come within the provisions of the law, and that the superintendent of buildings, in making the requirement referred to, acted within the authority which had been conferred upon him.

It is claimed that the order of the superintendent was illegal, because it was unreasonable; and we are cited to the case of Health Dept. of City of New York v. Rector, etc., of Trinity Church, 145 N. Y. 32, 39 N. E. 833, as an authority for that proposition. But it seems to us that that case establishes beyond question the constitutionality of the act under which the superintendent acted, and his right to give the direction which the statute required.

We are of opinion, therefore, that the plaintiff should have judgment for the sum of $50 and costs. All concur.